| | |
|---|---|
| LAW OFFICES OF GAVIN M. HUGHES<br>Gavin M. Hughes (SBN 242119)<br>Rober A. Mayville, Jr. (SBN 311069)<br>3436 American River Drive, Suite 10<br>Sacramento, CA 95864<br>Telephone: (916) 900-8022<br>Email: gavin@hughesdealerlaw.com<br>         mayville@hughesdealerlaw.com<br><br>Attorneys for Plaintiff<br>ROCKETTOWN AUTOMOTIVE HOLDINGS LLC dba ROCKETTOWN CHRYSLER DODGE JEEP RAM<br><br>NELSON MULLINS RILEY & SCARBOROUGH LLP<br>Mark T. Clouatre<br>(admitted pro hac vice)<br>mark.clouatre@nelsonmullins.com<br>Cheyenne A.E. Moore<br>(admitted pro hac vice)<br>cheyenne.moore@nelsonmullins.com<br>1400 Wewatta Street, Suite 500<br>Denver, CO 80202<br>Telephone: (303) 583-9900 | NELSON MULLINS RILEY & SCARBOROUGH LLP<br>Crispin L. Collins (SBN 311755)<br>crispin.collins@nelsonmullins.com<br>19191 S. Vermont Ave., Ste. 900<br>Torrance, CA 90502<br>Telephone: (424) 221-7407<br><br>Attorneys for Defendant<br>FCA US LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ROCKETTOWN AUTOMOTIVE HOLDINGS LLC dba ROCKETTOWN CHRYSLER DODGE JEEP RAM,<br>          Plaintiff,<br>   v.<br>FCA US LLC; and DOES 1 through 50, inclusive,<br>          Defendants. | CASE NO: 2:19-cv-09697-ODW(ASx)<br><br>**PROTECTIVE ORDER** |

The Parties to this Stipulated Protective Order ("Agreement") are as follows:

A. RocketTown Automotive Holdings LLC d/b/a RocketTown Chrysler Dodge Jeep Ram ("RocketTown" or "Plaintiff"); and

B. FCA US LLC ("FCA" or "Defendant").

RocketTown filed this suit seeking damages against FCA for alleged violations of California Vehicle Code section 11713(d)(1)(D) ("Lawsuit").

Discovery in this Lawsuit calls for the production and disclosure of "Confidential Information" and information "For Attorney Eyes Only" as those terms are defined below. The above-named Plaintiff and Defendant (collectively, the "Parties") will produce/disclose Confidential Information and information For Attorney Eyes Only. Such information will be produced to the extent such material is discoverable and otherwise non-objectionable and the Party to whom such Confidential Information or information For Attorney Eyes Only is produced or disclosed will be bound by the provisions of this Agreement.

It may be necessary to seek the production and disclosure of Confidential Information and information For Attorney Eyes Only, as those terms are defined below, about non-party individuals and/or entities ("Third Parties") or belonging to Third Parties. Information obtained from or about any Third Parties that is designated as Confidential Information or information For Attorney Eyes Only by any Party and/or the Third Party shall be subject to this Agreement. *See infra* Paragraph 9.

1. A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this Lawsuit is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to

discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B. GOOD CAUSE STATEMENT

This Lawsuit is likely to involve trade secrets, strategic planning, competitive analysis and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Lawsuit is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of Third Parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this Lawsuit. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public

2
STIPULATED PROTECTIVE ORDER

record of this Lawsuit.

2. <u>DEFINITIONS</u>

    2.1. For the purposes of this Agreement, "Confidential Information" shall mean any documents or electronically stored information produced, any oral or written statement made, and/or any oral or written answer given during the course of discovery that contains, discloses, or reveals: (a) confidential business information, trade secrets, franchise agreements, competitive analysis, strategic planning, or other confidential information that one or more of the Parties or any Third Party possesses that is not generally known by or easily ascertainable to competitors or the general public; (b) financial information belonging or relating to one or more of the Parties, or any Third Party, that is not known by or easily ascertainable to competitors or the general public; (c) personal information that is of a sensitive and private nature relating to any of the Parties and/or to any of the Parties' respective employees, or representatives, or any Third Party and/or any of the Third Party's respective employees, representatives and/or any customer of any Party or Third Party, including without limitation financial, sales or operational data; (d) information and materials that were provided to any of the Parties or any Third Party by any client, customer, vendor, or other person or any other non-party that is of a private, proprietary, confidential, and/or sensitive nature, or that the disclosing Party or Third Party otherwise has a duty to maintain in confidence, including without limitation valuable research and development; and (e) any other type of information that is maintained by the disclosing Party or Third Party on a confidential basis.

    2.2. For the purposes of this Agreement, information "For Attorney Eyes Only" shall mean Confidential Information (as defined above) requiring additional protections, because such information contains sensitive trade secret or other proprietary, commercially sensitive, strategic planning, competitive analysis, research and development, or commercial information concerning the Parties' competitors, financial, sales or operational data of non-party dealers, or otherwise

requires heightened protection.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Confidential Information and information "For Attorney Eyes Only" (as defined above), but also (1) any information copied or extracted from Confidential Information and information "For Attorney Eyes Only"; (2) all copies, excerpts, summaries, compilations of Confidential Information and information "For Attorney Eyes Only"; and (3) any testimony, conversations, presentations by Parties or their Counsel that might reveal Confidential Information and information "For Attorney Eyes Only."

The provisions of this Agreement will not affect or limit the use or admissibility, under seal, of evidence at trial, at any preliminary injunction hearing, in any motion, or at any other evidentiary proceeding or hearing in open court, except as directed by order entered for good cause shown.

No "Confidential Documents" or documents "For Attorney Eyes Only" (as defined below) may be filed with the court except by following its applicable filing procedures. *See* Civil Local Rule 79-5. For the purpose of this Paragraph, "Confidential Document" shall mean: (a) any document containing Confidential Information that was designated as "Confidential"; (b) portions of deposition transcripts (including deposition exhibits) that contain or reveal Confidential Information and that were designated as "Confidential"; and (c) portions of briefs, memoranda, or any other writings that contain, describe, or otherwise reveal "Confidential Information" that was designated as "Confidential." For the purpose of this Paragraph, documents "For Attorney Eyes Only" shall mean: (a) any document containing information For Attorney Eyes Only that was designated "For Attorney Eyes Only"; (b) portions of deposition transcripts (including deposition exhibits) that contain or reveal information For Attorney Eyes Only and that were designated "For Attorney Eyes Only"; and (c) portions of briefs, memoranda, or any

other writings that contain, describe, or otherwise reveal information "For Attorney Eyes Only" that was designated "For Attorney Eyes Only."

4. DURATION

Within forty-five (45) days after the final termination of this litigation (including exhaustion of any appellate proceedings that ensue), all documents, transcripts or other materials afforded Confidential or For Attorney Eyes Only treatment pursuant to this Agreement (including any copies thereof and any extracts, summaries or compilations taken therefrom), in the possession of or under the control of any Party or employee or officer thereof, counsel retained by such Party, retained expert or other person described in Paragraph 7.2 below, shall be destroyed by the Parties' respective counsel with written confirmation of such destruction given to the producing Party upon request. Nothing in this Paragraph shall be construed as requiring counsel for the Parties to destroy pleadings, briefs, memoranda, or correspondence containing, reflecting or derived from Confidential Information or information For Attorney Eyes Only. However, any such briefs, memoranda, or correspondence shall continue to be treated pursuant to the terms of this Agreement. Electronically stored information shall be deleted by ordinary deletion available to the device used, and no Party, counsel, and/or their consulting and testifying experts shall have the requirement to perform or certify performance through an outside vendor of permanent destruction of electronically stored information from their computers or other electronic devices (i.e., 'wiping' or destroying hard drives). Upon the request of counsel for the producing Party, counsel signing this Agreement shall provide a letter affirming compliance with the requirements of this Paragraph 10.

5. DESIGNATING PROTECTED MATERIAL

5.1. Each Party or Non-party that designates information or items for protection under this Agreement and Order must take care to limit any such designation to specific material that qualified under the appropriate standards. The Designating Party must designate for protection only those parts of material,

documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g. to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.2. If any Party or Third Party wishes to designate as "Confidential" or "For Attorney Eyes Only" any documents or information that were produced by that Party or Third Party prior to the entry of this Agreement, that disclosing Party or Third Party shall have ten (10) calendar days from the entry of this Agreement in which to do so. Within that ten-day period, a disclosing Party or Third Party may designate such previously-produced documents as "Confidential" or "For Attorney Eyes Only" by providing counsel for all Parties with written notice of the designation. Nothing in this Paragraph 5.2 shall be construed as excusing or waiving any Party's or Third Party's failure to raise a "Confidentiality" objection to any request for production or other discovery request. Nothing in this Agreement shall be construed as allowing or authorizing any Party or Third Party to withhold any document or information that is responsive to a discovery request on any basis that was not raised in a timely objection to the discovery request in question. However, if a Party inadvertently produces documents or other materials that it considers to be Confidential Information or For Attorney Eyes Only without such designation, or otherwise wishes to change the designation to Confidential Information or For Attorney Eyes Only, the producing Party may subsequently designate such documents or other materials as Confidential Information or For Attorney Eyes Only by delivering written notice of such designation to the other Parties and such information shall be treated by the receiving Party as being so designated from the

time the receiving Party is notified in writing of the change in designation. Any failure of the Parties to designate Confidential Information or For Attorney Eyes Only as such shall not be deemed a waiver, in whole or in part, of any claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto.

    5.3. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, disks, networks or tapes) is produced in such form, the producing or providing Party may designate such material as Confidential Information or For Attorney Eyes Only by cover letter referencing generally to such matter and by affixing (where possible) a label on the media or its casing indicating such designation, or through other reasonable methods. In the event anyone other than the producing Party generates a "hard copy" or printout from any disk so designated, each page of the hard copy or printout must be stamped immediately with the appropriate designation and treated pursuant to the terms of this Agreement.

    5.4. Upon receiving documents from a Third Party pursuant to a subpoena, the Party that issued the subpoena ("Issuing Party") may designate as "Confidential" or "For Attorney Eyes Only" the document reviewed, and shall promptly provide counsel for the other Parties ("Non-Issuing Parties") with a Bates-numbered set of those documents that were produced by the Third Party pursuant to the Issuing Party's subpoena. Counsel for the Non-Issuing Parties shall have ten (10) calendar days from actual receipt (via electronic mail, U.S. Mail, private courier, facsimile, or otherwise) of the Bates-numbered documents to designate as "Confidential" or "For Attorney Eyes Only" those documents that the Non-Issuing Party contends contains Confidential Information or information For Attorney Eyes Only. Any such designation shall be made in writing by identifying those documents, by their Bates numbers, that the Non-Issuing Party contends contains Confidential

1  Information or information For Attorney Eyes Only. Nothing in this Paragraph of the
2  Agreement shall be construed as conferring legal standing that does not otherwise
3  exist under the law to any Party to object to a subpoena or to move to quash a
4  subpoena. Nothing in this Agreement shall be construed as an admission,
5  acknowledgement, or finding that: (a) any Non-Issuing Party has legal standing that
6  does not otherwise exist under the law to object or to move to quash a subpoena that
7  is (or has been) served upon a Third Party; or (b) any Non-Issuing Party has a
8  "personal right or privilege" that does not otherwise exist under the law with respect
9  to any documents or materials that are requested in any subpoena.

10       5.5.   Should any Party or Third Party believe that any deposition question calls for the disclosure of Confidential Information or information For Attorney Eyes Only or that any deposition answer did, in fact, disclose such Confidential Information or information For Attorney Eyes Only, that Party or Third Party may direct the Court Reporter to mark the applicable portions of the transcript as "Confidential" or "For Attorney Eyes Only," and the Court Reporter shall prepare a separate transcript for any testimony so marked. Further, if a document that has been marked "Confidential" or "For Attorney Eyes Only" is introduced as a deposition exhibit, the testimony concerning that exhibit shall be designated as "Confidential" or "For Attorney Eyes Only" and said exhibit shall be affixed to the separate transcript that is created for the Confidential or For Attorney Eyes only testimony. If a deposition is designated Confidential or For Attorney Eyes Only during the deposition, any person not permitted access to Confidential Information or information For Attorney Eyes Only, as the case may be, shall immediately be excluded from the deposition room. Additionally, any Party or Third Party also shall have thirty (30) days following the receipt of any deposition transcript to designate as "Confidential" or "For Attorney Eyes Only" any portions of the transcript that were not so designated during the course of the deposition. During this thirty (30) day period, all deposition transcripts shall be treated as "For Attorney Eyes Only."

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

However, this temporal protection does not prevent the deponent from reviewing the transcript.

6. CHALLENGING DESIGNATIONS

Prior to designating any materials as Confidential Information or For Attorney Eyes Only, the producing Party will make a bona fide determination that the material is, in fact, subject to the Agreement. If a receiving Party disagrees with the designation of any document, it will so notify the producing Party within sixty (60) days of original receipt of the designation by writing counsel for the designating Party, explaining the good faith basis for the belief that the confidentiality designation was not proper. The designating Party will review the designated material, reconsider the designation, and if no change in designation is offered, explain the basis for the designation within fourteen (14) days of the designating Party's receipt of the notice. The objecting Party will then have the option to initiate the informal dispute resolution process set forth in the Court's Procedures and Schedules. *See* http://www.cacd.uscourts.gov/honorable-alka-sagar. The Designating Party shall have the burden of persuasion to prove that the document contains such designated confidential information. The objecting Party will treat any document so-marked as Confidential Information or For Attorney Eyes Only until the Court enters a contrary ruling in this matter.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. Basic Principles. A Party receiving Confidential Information or For Attorney Eyes Only information may use said information in connection with this Lawsuit only for prosecuting, defending, or attempting to settle this Lawsuit. Such information may be disclosed only to the categories of persons and under the conditions described in this Order. When the Lawsuit has been terminated, a Party receiving such information must comply with the provisions of Paragraph 4.

Confidential and For Attorney Eyes Only information must be stored and maintained by the receiving Party at a location and in a secure manner that ensures

that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of "Confidential" or "For Attorney Eyes Only" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Party receiving designated information may disclose such information only to:

(a) the outside attorneys of record in this proceeding, associated attorneys who are employed by the law firms of record in this proceeding, legal assistants, paralegals and other support staff who are employed by the law firms of record in this proceeding and in house counsel for the Parties;

(b) outside vendors utilized by the outside attorneys of record in this proceeding (including vendors used for copying, preparation of exhibits, document coding, image scanning, creation of a database using Confidential Information or information For Attorney Eyes Only, and jury consulting), provided such vendors execute the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A;

(c) the Parties (including the Parties' respective officers, directors, agents, and/or employees);

(d) any person who authored, received or otherwise has been provided access (in the ordinary of business course, outside the context of this litigation) to the Confidential Information;

(e) any court of competent jurisdiction, as well as administrative law judge, and jurors of any trial, provided that the Parties shall comply with applicable court rules when presenting Confidential Information or information For Attorney Eyes Only evidence at trial;

(f) any court reporter or other stenographic reporter who is called upon to record or transcribe deposition testimony or other testimony in this case;

(g) on an as needed basis, witnesses and/or prospective witnesses (including persons requested by counsel to furnish technical or other expert services), provided that such witnesses execute the "Acknowledgment and Agreement to Be Bound"

attached as Exhibit A;

(h) persons requested by the Parties or their counsel to furnish technical or other expert services and any employees of such persons (collectively "Experts"), provided that any such Expert executes the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A or similar verification;

(i) any mediator who is engaged to assist the Parties in settlement negotiations on a confidential basis, provided such mediator executes the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A or similar verification;

(j) any court, and related court personnel, called upon to rule on a subpoena, discovery request, objection or motion related to this case and served or filed in another jurisdiction; and

(k) such other persons as hereafter may be designated by written stipulation of the Parties (or, in the case of Confidential Information disclosed by a Third Party, by written stipulation of the Parties and the Third Party) or by Order of an administrative law judge on motion by any Party provided such persons execute the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Lawsuit as "CONFIDENTIAL" or "For Attorney Eyes Only," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose "Confidential" or "For Attorney Eyes Only" information may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Lawsuit as "CONFIDENTIAL" or "For Attorney Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Lawsuit to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Lawsuit, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(b) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery

request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

The inadvertent or unintentional disclosure of any Confidential Information or information For Attorney Eyes Only by any Party or Third Party shall not be construed to be a waiver, in whole or in part, of that Party's or Third Party's claims of the confidential or highly confidential nature either as to the specific Confidential Information or For Attorney Eyes Only disclosed or as to any other related information. If Confidential Information or information For Attorney Eyes Only is disclosed by the receiving Party in violation of this Agreement, the receiving Party shall promptly upon learning that the Agreement was violated, inadvertently or otherwise, (a) inform the producing Party of all pertinent facts relating to the disclosure in writing, (b) use its best efforts to retrieve all unauthorized copies of the designated information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A. Further, the receiving Party shall make every reasonable effort to prevent any further disclosure, including any disclosure by any person who received any Confidential Information or information For Attorney Eyes Only in violation of this Agreement.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine, or any other ground on which production should not be made, will not waive such privileges or protections;

13

provided, however, that this Agreement shall not prevent any Party from moving to compel production of allegedly privileged documents on any grounds. Upon a request from a producing Party that has inadvertently produced any document that it believes may be subject to the attorney-client privilege or attorney work-product doctrine, or other protections, a receiving Party shall immediately return such document, including any summaries and copies thereof that may have been made or distributed, to the producing Party within three (3) business days of receipt of such notice and shall be barred from using that material or any copies thereof, or any information derived therefrom, in the action or otherwise. Nothing herein, however, shall prevent the Party from moving, on reasonable notice, and on such grounds other than inadvertent production of such material, for an order challenging the designation of such material as privileged or protected material, and may attach to the motion copies of the material in question; provided, however, that any such motion shall be filed in accordance with applicable filing procedures.

12. MISCELLANEOUS

12.1. Information For Attorney Eyes Only that is designated as such pursuant to the terms of this Agreement may be used only in connection with the above-captioned case, and shall not be used for any commercial, business, competitive, regulatory, or governmental purpose, and may be disclosed only to the persons identified in Paragraph 7.2(a)-(k) of this Agreement.

12.2. The procedures set forth herein shall not affect the rights of the Parties or any Third Party to object to discovery on any grounds under California law, nor does it change the scope of permissible discovery. Nor shall this Agreement relieve any Party or Third Party of the necessity of making a proper response and/or objection to discovery requests, nor shall it preclude any Party or Third Party from seeking further relief or protective orders from the court as may be appropriate.

12.3. Entering into, agreeing to, and/or producing Confidential Information or information For Attorney Eyes Only pursuant to, or otherwise

complying with, the terms of this Agreement shall not:

(a) operate as an admission by any Party that any particular Confidential Information or information For Attorney Eyes Only contains or reflects trade secrets or any other type of confidential or proprietary information;

(b) prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the terms and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Information or information For Attorney Eyes Only;

(c) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Agreement;

(d) prejudice in any way the rights of any Party to seek additional protections for anything produced or disclosed that, at the time of production or disclosure, has been either not designated a protected status, designated as "Confidential," or designated as "For Attorney Eyes Only";

(e) prejudice in any way the rights of a Party as to whether any Confidential Information or information For Attorney Eyes Only should be subject to the terms of this Agreement.

12.4. The Parties agree to be bound by the terms of this Agreement pending the entry of this Agreement.

12.5. This Agreement shall be effective immediately and shall survive the conclusion of this Lawsuit.

12.6. A court may impose appropriate sanctions for the disclosure of Confidential Information or information For Attorney Eyes Only in violation of this Agreement.

///

///

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 23, 2020

LAW OFFICES OF
GAVIN M. HUGHES

By /s/*Robert A. Mayville, Jr.*
Gavin M. Hughes
Robert A. Mayville, Jr.
Attorneys for Plaintiff
ROCKETTOWN AUTOMOTIVE
HOLDINGS LLC dba
ROCKETTOWN CHRYSLER
DODGE JEEP RAM

Dated: March 23, 2020

NELSON MULLINS RILEY &
SCARBOROUGH LLP

By /s/ *Crispin L. Collins*
Mark T. Clouatre, Esq.
Cheyenne A.E. Moore, Esq.
Crispin L. Collins, Esq.
Attorneys for Defendant
FCA US LLC

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: __March 24, 2020_____

_____/ s /_____
Honorable Alka Sagar
United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of_____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the captioned case.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Name: _____
Job Title: _____
Employer: _____
Business Address: _____
_____
_____

Date: _____

Signature: _____